UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN FUJITA, et al.,

　　　　　Plaintiffs,

　　v.

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, et al.,

　　　　　Defendants.

C16-925-TSZ

ORDER

THIS MATTER comes before the Court upon defendant US Bank, National Association, as Trustee for the Holder of the GSR Mortgage Loan Trust 2006-8F's ("US Bank) motion to dismiss, docket no. 5.[1]  For the reasons below, this action is DISMISSED with prejudice.

---

[1] The Complaint names both US Bank and Quality Loan Service Corporation of Washington ("Quality") as defendants.  However, Quality is named only by virtue of its status as trustee.  Plaintiffs and Quality entered into a Stipulation of Nonparticipation by which they agreed that Quality would take no position in the litigation and would be bound by any decision of the Court.  See State Record, docket no. 3, at 61.

ORDER - 1

## Background

In 2006, plaintiffs Karen and Gary Fujita borrowed $560,000 from First Magnus Financial Corporation to purchase a home, granting a deed of trust in return. Plaintiffs failed to make required payments in 2009, leading the servicer to send them a "Notice of Intent to Accelerate" (the "Notice"). *See* Compl., docket no. 1-1, Ex. 3. This notice advised that if "the default is not cured on or before July 16, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full and foreclosure proceedings will be initiated at that time." *Id.* Plaintiffs never received additional correspondence addressing acceleration of the debt. Instead, the trustee filed two notices of trustee's sale but discontinued both. *See* docket no. 7, Exs. 3-6.[2] The trustee subsequently scheduled another sale which led to the filing of this lawsuit.

## Discussion

### A.  Standard of Review

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a

---

[2] Defendant's request for judicial notice of certain publicly recorded documents relating to the subject property, docket no. 7, is GRANTED.

ORDER - 2

claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558.  A complaint may be lacking for one of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *E.g.*, *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  *Twombly*, 550 U.S. at 570.  If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**B.    Analysis**

Plaintiff's sole claim is to quiet title to their home under RCW 7.28.300.  That provision permits the owner of real estate to "maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations."  Thus, this provision affords relief so long as the statute of limitations has expired on an action to enforce the underlying debt.

A promissory note is a written contract subject to a six-year statute of limitations from the time of the breach.  RCW 4.16.040(1).  A contract which provides for the repayment of a debt by installments creates an individual cause of action for each installment with its own limitations period.  *See Kirsch v. Cranberry Fin., LLC*, 178 Wn.

ORDER - 3

App. 1031, *4 (2013).  However, if such a debt is accelerated, that is, declared due in its entirety at a certain date, the limitations period runs from that date.  *Id.*  The import of this rule in the real estate context is clear: mere failure to make monthly payments, even if for a period greater than six years, does not bring the total obligation within the ambit of the quiet title statute.  On the other hand, if six years have passed since the debt was accelerated, a homeowner is entitled to judgment under that statute.  The dispute for purpose of this motion is whether the Notice, sent on June 16, 2009, in fact effected an acceleration of the debt.  If yes, then plaintiffs have a colorable claim under the quiet title statute subject to any tolling as a result of the non-judicial foreclosure notices.  After reviewing the document in question, the Court concludes that the debt was accelerated, but the statute of limitations was tolled by the Notices of Trustee's sale.

   Plaintiffs essentially argue that the Notice established a self-executing conditional offer: plaintiffs either cure the default on or before July 16, 2009, or the debt will automatically be accelerated.  In contrast, US Bank contends that the Notice merely advised plaintiffs that the servicer *intended* on accelerating the debt should plaintiffs fail to cure default.  The Court concludes that plaintiffs have the better of the argument.  At the outset, the Court notes that there is no mechanical requirement for acceleration.  Instead, "acceleration occurs upon notice to the debtor that the creditor intends to declare the entire sum due and payable."  *Kirsch v. Cranberry Fin., LLC*, 178 Wn. App. 1031, *5 (2013) (citing *Weinberg v. Naher*, 51 Wash. 591, 594, 99 P. 736 (1909)).  The Notice itself speaks in mandatory terms: "If the default is not cured on or before July 16, 2009, the mortgage payments *will be accelerated*…"  Compl., docket no. 1, Ex. 3 (Notice of

ORDER - 4

Intent to Accelerate) (emphasis added).  The Deed of Trust provides that if "the default is not cured on or before the date specified in the notice [of acceleration], Lender at its option, may require immediate payment in full of all sums … *without further demand*."  Docket no. 7, Ex. 2 (Deed of Trust § 14) (emphasis added).  Accordingly, US Bank was not required to send any additional notification in order to trigger the acceleration.  US Bank advised that acceleration would result from a failure to cure, clearly evidencing that it "intend[ed] to declare the entire sum due and payable."  Plaintiffs did not cure, and thus the debt accelerated.

Although the entire debt became due on July 16, 2009, the statute of limitations on US Bank's ability to foreclose was tolled during the pendency of two Notices of Trustee Sale which were ultimately discontinued.  *See Bingham v. Lechner*, 111 Wn. App. 118, 127, 45 P.3d 462 (2002) (pendency of non-judicial foreclosure tolls statute of limitations).  The first Notice of Trustee's Sale was issued on January 19, 2015, setting the sale for May 22, 2015, docket no. 2, Ex. 3, and was not discontinued until September 2, 2015, *id.* Ex. 4, a period of approximately seven and a half months.[3]  The second Notice of Trustee's Sale was issued September 30, 2015, setting the sale for January 29, 2016, *id.* Ex. 5, but was discontinued on October 27, 2015, *id.* Ex. 6, a period of approximately a month.  Together, these Notices of Trustee's Sale tolled the statute of

---

[3] The trustee has ability to continue the sale for a period of up to 120 days "for any cause the trustee deems advantageous."  RCW 61.24.040(6).

ORDER - 5

1  limitations for approximately eight and a half months.[4]  The operative Notice of Trustee's

2  Sale was issued on February 3, 2016, which is approximately six and a half months after

3  what would have been the expiration of the statute of limitations if not for tolling.

4  Because the statute of limitations was tolled for approximately eight and a half months,

5  the action is timely.

6  **Conclusion**

7  Defendant's motion to dismiss, docket no. 5, is GRANTED.  This case is

8  DISMISSED with prejudice.

9  IT IS SO ORDERED.

10  Dated this 22nd day of August, 2016.

*[signature]*

Thomas S. Zilly
United States District Judge

---

[4] US Bank argues that a Notice of Default is sufficient to commence foreclosure proceedings and toll the statute of limitations.  However, because the issuance of a Notice of Default does not on its own progress to a sale without further, optional action by the trustee, the Court concludes the proper tolling point is the issuance of the Notice of Trustee's Sale.  Otherwise, the issuance of a Notice of Default would in effect permanently toll the statute of limitations because either the borrower fails to cure and remains in default, or the borrower cures and moots any action for unpaid debt.  *Cf. Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1122 (W.D. Wash. 2010) ("[T]he trustee may begin the nonjudicial foreclosure process by giving notice of trustee's sale…").

ORDER - 6